IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CODY ALLEN VILLALOBOS,

    Plaintiff,

v.                                          Case No. 3:18-cv-01385

WESTERN REGIONAL JAIL;
PRIME CARE,

    Defendants.

## MEMORANDUM OPINION and ORDER

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his

complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

In the complaint, Plaintiff sues the Western Regional Jail and Prime Care. Plaintiff indicates that he has filed a grievance related to the facts that form the basis of his complaint and asks the Court to (1) find the defendants negligent, (2) make them financially compensate him for past and future pain, and (2) make them fix his nose properly. (ECF No. 2). However, Plaintiff includes no factual information in support of his complaint, nor does he explain what happened to his nose, when it happened, or why he believes the Jail and Prime Care are responsible for his alleged pain. Indeed, Plaintiff left blank the entire section of the complaint form entitled "Statement of Claim." (*Id.*)

In order to state a cause of action for money damages under 42 U.S.C. § 1983, a plaintiff must allege **facts** showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege, or immunity and (2) the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983. Under this standard, Plaintiff's complaint is inadequate for several reasons and, thus, is subject to immediate dismissal unless the deficiencies are cured. Therefore, Plaintiff is **ORDERED** to amend his complaint within **thirty (30) days** and correct the following deficiencies.

First, Plaintiff must set forth facts describing the alleged unconstitutional actions or inactions of the defendants and explain how the alleged actions or inactions of the defendants caused him injury. Plaintiff describes having suffered some sort of

problem with his nose, but does not state what the problem is, or what the defendants did or failed to do that resulted in the nose problem and associated pain. All of this information must be provided to the Court in writing before the complaint can be considered as plausible.

Second, Plaintiff must name the correct defendants. Plaintiff names the Western Regional Jail as a defendant. As an arm of the State of West Virginia, the Western Regional Jail is not a "person" subject to liability under 42 U.S.C. § 1983. Therefore, if Plaintiff is claiming that a person or persons employed by the Jail acted under color of state law to violate his federal civil or constitutional rights, he must amend his complaint to **name** the individual or individuals as defendant(s). If Plaintiff does not know the name of such an individual, Plaintiff should list that person as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and should further identify the person in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the Court in determining the identity and number of individual defendants in the action, as well as the specific reason that each person is included in the complaint. To the extent Plaintiff knows partial names, he shall include those parts (e.g. Correctional Officer Ronald LKU ('last name unknown")).

Plaintiff also included Prime Care as a defendant. In order to state a claim against Prime Care, or any of the health care providers employed by Prime Care, Plaintiff must state facts describing how the providers violated Plaintiff's constitutional rights. The Eighth Amendment to the United States Constitution requires correctional facilities to provide prison inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). A prison official violates this constitutional guarantee when he or she responds

3

to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To state a claim for a violation of the Eighth Amendment, an inmate must allege facts that satisfy two elements: one that is objective and one that is subjective. First, the inmate must show the existence of a medical condition or medical need that is objectively serious. *Estelle,* 429 U.S. at 104. Second, the inmate must show that the prison official subjectively knew of, but disregarded, "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. at 837. A prison official is not liable under the Eighth Amendment if a reasonable response is made to an inmate's serious medical condition, "even if the harm ultimately [is] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing Farmer,* 511 U.S. at 844). Moreover, a mere difference of opinion about whether medical care is needed is usually insufficient to maintain a valid cause of action. Instead, to establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990).

With these standards and principles in mind, Plaintiff must amend his complaint in order for the undersigned to complete a preliminary assessment of the merits of his complaint and rule on the application to proceed without prepayment of fees and costs. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is also reminded** of his obligation to promptly notify the Clerk of Court of any change in his contact information.

4

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** November 6, 2018

Cheryl A. Eifert
United States Magistrate Judge